JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Nicole Rhym-Wilson
1951 74th Avenue
Philadelphia, PA 19138

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Linda M. Lopez, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia PA 19102
Tel: 215-944-6123

## DEFENDANTS
Life Insurance Company of North America
1601 Chesnut Street
Philadelphia, PA 19102

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☒ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 1002(2)(A).
Brief description of cause:
ERISA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $   150,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   12/14/2022

SIGNATURE OF ATTORNEY OF RECORD   *Linda Lopez*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION |
| Nicole Rhym-Wilson | : | |
| v. | : | |
| Life Insurance Company of North America | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)          (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (X )

| 12/14/2022 | Linda M. Lopez | Nicole Rhym-Wilson |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-944-6123 | 215-944-6126 | LindaL@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1951 74th Avenue, Philadelphia, PA 19138

Address of Defendant: 1601 Chestnut Street, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: 1601 Chestnut Street, Philadelphia, PA 19102

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/14/2022          *Attorney-at-Law / Pro Se Plaintiff*          203391   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.     Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.     Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Linda M. Lopez _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 12/14/2022          *Attorney-at-Law / Pro Se Plaintiff*          203391   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NICOLE W. RHYM-WILSON,** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **NO.** |
| **v.** | : | |
| | : | |
| **LIFE INSURANCE COMPANY** | : | |
| **OF NORTH AMERICA,** | : | |
| | : | |
| **Defendant.** | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, NICOLE W. RHYM-WILSON, by and through her attorney, Linda M. Lopez, Esq. of the Law Offices of Eric A. Shore, P.C., as and for her Complaint against Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, hereby avers as follows:

## PARTIES

1.       Plaintiff, NICOLE W. RHYM-WILSON (hereinafter "Plaintiff"), was and still is a citizen of Pennsylvania, residing at 1951 74th Avenue, Philadelphia, Pennsylvania 19138

2.       Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter "Defendant"), has offices located at 1601 Chestnut Street, Philadelphia, Pennsylvania 19192.

## JURISDICTION

3.       Jurisdiction of the Court is based upon 29 U.S.C. §§ 1132(e)(1) and 1132(f), which give the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. Jurisdiction is also founded on 28 U.S.C. §

1331 because this action arises under 29 U.S.C. § 1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4.      Venue in the Eastern District of Pennsylvania is appropriate because Defendant conducts business and is subject to personal jurisdiction in the judicial district and maintains contacts in the judicial district sufficient to subject it to personal jurisdiction.

5.      Pursuant to 28 U.S.C. § 1391(a)(1) and § 1391(c), this action is properly venued in the Eastern District of Pennsylvania.

## FACTS

6.      At all times hereinafter mentioned, Plaintiff was employed as a Surgical Technician for Jefferson Hospital, and at all times was a participant and/or beneficiary under the Long Term Disability ("LTD") plan.

7.      Plaintiff had a strong work history working for Jefferson Hospital prior to filing for LTD insurance benefits.

8.      The LTD plan is an employee welfare benefit plan specifically covered under ERISA, 29 U.S.C. § 1002(2)(A).

9.      At all times material herein, Defendant made and/or participated in making all benefits decisions under the LTD plan.

10.     During Plaintiff's employment with Jefferson Hospital, Defendant issued a long term group disability income policy (hereinafter the "Policy").

11.     At all times hereinafter mentioned, said Policy of insurance was issued for the benefit of certain eligible employees in exchange for the payment of premiums by Jefferson Hospital and/or its employees.

2

12.     At all times mentioned herein, Plaintiff was and is an employee eligible for long term disability benefits as an insured under the Policy.

13.     Said Policy provided, among other things, that disability insurance benefit payments will be made to Plaintiff in the event that she becomes disabled as a result of injury or sickness. Under the Policy, "The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is: 1. unable to perform the material duties of his or her Regular Occupation; and 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation."

14.     Plaintiff stopped working on or about August 12, 2020.

15.     Plaintiff applied for and collected short term disability benefits from August 12, 2020 through approximately February 10, 2021.

16.     By letter dated March 11, 2021, Defendant notified Plaintiff that her claim for LTD benefits was denied.

17.     Plaintiff submitted a timely written appeal of that adverse determination.

18.     On November 24, 2021, Defendant issued a final administrative denial of Plaintiff's claim for LTD benefits alleging that the medical documentation did not support her claim of disability.

19.     As of February 10, 2021, Plaintiff's LTD coverage was in full force and effect and Plaintiff was an eligible employee.

20.     From February 10, 2021 to the present, Plaintiff has been disabled within the meaning and pursuant to the terms of the Policy as she is unable to perform, on a sustained basis, either her regular occupation or any reasonable occupation, as that term is defined in the subject Policy.

21.     Plaintiff's disability is caused by complications, impairments and symptoms from generalized anxiety disorder, panic disorder, severe chronic insomnia, and post-traumatic stress disorder, with resultant symptoms of uncontrolled panic attacks, intrusive thoughts, chronic fatigue, social isolation, inability to drive alone, feelings of guilt and worry, and trouble with focus and concentration.

22.     Plaintiff cooperated with the Defendant in all respects, provided proper proof of loss in support of her claim, and otherwise complied with the terms and conditions of the Policy regarding the filing and maintenance of the claim.

23.     Pursuant to the Policy, Defendant has been obligated to pay periodic payment of monthly long term disability benefits to Plaintiff since February 10, 2021.

24.     Despite Plaintiff's continued total disability, Defendant has denied LTD insurance benefit payments beyond February 10, 2021 to Plaintiff, and continues to refuse to pay said benefits pursuant to the Policy, although payment thereof has been duly demanded.

25.     Said refusal on the part of the Defendant is a willful and wrongful breach of the Policy's terms and conditions.

26.     Defendant afforded little weight to the opinions of Plaintiff's treating physicians who clearly opined that she has continuously been unable to work since February 10, 2021, due to her disabling conditions and complications from her impairments and medical conditions.

27.     Defendant's denial of Plaintiff's disability insurance benefits is unreasonable and unsupported by substantial evidence and, as such, constitutes a breach of fiduciary duty.

28.     Defendant's unreasonable and unsupported denial of Plaintiff's disability insurance benefits is evidenced by the number of procedural irregularities in its claim handling, including but not limited to: the failure to consider the impact of Plaintiff's physical and mental

4

conditions and limitations on her ability to perform the duties of her regular occupation or any occupation; the refusal to consider Plaintiff's credible subjective complaints about her inability to work; the reliance upon a selective review of medical records to reach a result oriented claim determination; the failure to utilize appropriately qualified and unbiased medical personnel to reach decisions and/or render opinions on levels of impairment; the biased and flawed vocational consideration on Plaintiff's claim; the failure to perform a fair and neutral evaluation of Plaintiff's medical condition and associated restrictions and limitations; and other biased claim handling.

29.     Defendant's claim handling resulted in numerous violations of 29 C.F.R. § 2560.503-1 et. seq.

30.     Defendant's claim handling failed to provide Plaintiff with a full and fair review of her claim.

31.     Defendant's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant's financial situation and frustrated Plaintiff from receiving a full and fair review of her claim.

32.     Plaintiff has attempted to exhaust and/or has exhausted all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

33.     By reason of the foregoing claims conduct, Defendant failed, by operation of law, to establish and follow reasonable claims procedures that would yield a decision on the merits of her claim pursuant to 29 C.F.R. § 2560.503(1).

34.     Because Defendant failed to satisfy the minimal procedural safeguards set forth in 29 C.F.R. § 2560.503(1), Defendant's adverse benefit determination is not entitled to any judicial deference.

35.    Defendant willfully failed to comply with ERISA regulations.

36.    Monthly disability insurance benefit payments to Plaintiff are continuing to be due and payable by Defendant with the passage of each month.

37.    Plaintiff is entitled to receive the total lifetime benefit of the plan discounted to present value, due to Defendant's arbitrary and capricious decision to deny Plaintiff's benefits.

38.    Plaintiff is entitled to receive, in addition to the benefits due under the plan of insurance, reimbursement for reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. 1132(g).

**WHEREFORE,** Plaintiff, Nicole W. Rhym-Wilson, demands judgment in her favor and against Defendant together for:

A.    Payment of all benefits in arrears due and owing since the denial of benefits, plus interest;

B.    The total lifetime benefit under the plan discounted to present value;

C.    Attorneys' fees and costs of suit;

D.    Interest and delay damages; and,

E.    Any other further relief this Court deems just proper and equitable.

By:    _____
       Linda M. Lopez, Esq.
       Attorney I.D. No. 203391
       LAW OFFICES OF ERIC A. SHORE, P.C.
       1500 John F. Kennedy Blvd, Suite 1240
       Philadelphia, PA 19102
       (215) 627-9999
       *Attorney for Plaintiff, Nicole W. Rhym-Wilson*

Date:   _12/14/2022_____

6